IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-283-N |
| PHILIP RUSSELL ARCHIBALD (01)<br>DANIELLE BROOKE BOCANEGRA (02) | |

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**
**GOVERNING DISCLOSURE OF DISCOVERY MATERIALS**

Pursuant to Rules 16 and 49.1(e) of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect individually identifiable information, to protect an ongoing criminal investigations, maintain the integrity of the judicial process, and to promote timely resolution of this case. Specifically, the government proposes:

a) Discovery Materials shall not be further disseminated[1] by the defendants or their counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendants, and administrative staff) and (ii) experts retained to assist in the preparation of the defense or determine if a plea of guilty is appropriate.

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

b) No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witnesses retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendants, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

c) Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

d) Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Discovery Material appropriately so marked.

e) Discovery Material shall not be maintained by the defendants, nor be in the sole physical custody of the defendants, nor shall the defendants be

    permitted to make notes of the content of said materials and keep such notes with him/her or disperse such notes or the contents thereof to anyone other than his/her attorney or members of his/her attorney's staff.

  f) Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

  g) The Discovery Materials in this case are now and will forever remain the property of the United States Government.  At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel.  Upon written request of the Government, all Discovery Materials shall be returned to the Government.

I. <u>Background</u>

On June 5, 2020, a criminal complaint was filed in the Northern District of Texas ("NDTX") charging Philip Russell Archibald and Danielle Brooke Bocanegra with conspiracy to distribute and possess with intent to distribute controlled substances.  (Dkt. 16).  On June 8, 2020, Archibald was arrested pursuant to the arrest warrant issued for the criminal complaint.  (Dkt. 3).  Thereafter, Archibald made an initial appearance in the NDTX, and detention and preliminary hearings were then held on June 10, 2020.  (Dkts. 3, 6, 7, 11 & 22).  The Office of the Federal Public Defender represented Archibald during his initial appearance and at his preliminary and detention hearings.  (Dkts. 3 & 7).  Subsequent thereto, on June 23, 2020, privately retained counsel J. Daniel Oliphant filed

an Unopposed Motion for Substitution of Counsel requesting permission to appear on behalf of Archibald.[2] (Dkt. 23).

On June 11, 2020, Bocanegra was arrested pursuant to the arrest warrant issued for the criminal complaint in the Western District of Texas ("WDTX"). (Dkt. 21). Thereafter, Bocanegra made an initial appearance in the WDTX, and was placed on pre-trial release pending trial/disposition of the NDTX case. (Dkt. 21). Privately retained counsel Michael Floyd White has filed a Notice of Appearance on behalf of Bocanegra. (Dkt. 20).

On June 23, 2020, a four count indictment was returned against Archibald and Bocanegra charging both defendants in Counts One through Three with the following: conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846; possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and use of the mail in causing or facilitating a controlled substance offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (Dkt. 24). In addition, Archibald was charged in Count Four of the indictment with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3). (Dkt. 24). In summary, and as alleged in the complaint and indictment, the defendants and other coconspirators conspired to distribute and possess with intent to distribute Schedule III controlled substances, that is, anabolic steroids. (Dkts. 16 & 24).

---

[2] Based upon the docket, it appears Mr. Oliphant's motion is still pending ruling with the Court. (Dkt. 23).

Further, as part of the charged conspiracy, the defendants and others used the United States Mail to commit the controlled substance offense. (Dkt. 16 & 24).

As of the filing of this motion, arraignments (or written waiver of arraignments) have not been held (or filed) in this case. Therefore, a trial date and scheduling order are pending. Nonetheless, counsel for Archibald and Bocanegra have requested discovery pursuant to Rule 16.

With the exception of digital evidence obtained, the discovery in this case is not very voluminous. However, the digital evidence, some of the law enforcement reports, and audio recordings included in the discovery materials (which relate to the underlying investigation of the defendants), include information about yet to be arrested conspirators.

To facilitate the timely resolution of the case, the government intends to provide copies of all discovery materials in its possession to defendants' counsel, including that which identifies/concerns yet to be arrested conspirators, but will only be able to do so if it can be assured that the materials are adequately protected. Accordingly, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

II.     Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that

deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id*. Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

III.   Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above. The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendants' interest in full and efficient discovery. The compelling interests of protecting the discovery in this case based upon the nature of the charges constitutes more than adequate good cause to enter the requested protective order. Further, the defendants do not oppose this motion.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Tiffany.Eggers@usdoj.gov

## CERTIFICATE OF CONFERENCE

On July 7th and 9th, 2020, I conferred with counsel for defendants Archibald[3] and Bocanegra, and provided a copy of the proposed order. Counsel for the defendants indicated that they do not oppose the motion and the proposed order.

                                            *s/ Tiffany H. Eggers*
                                            TIFFANY H. EGGERS
                                            Assistant United States Attorney

## CERTIFICATE OF SERVICE

On July 9, 2020, I electronically submitted this document to the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court, which will provide a copy of this document to defense counsel.

                                            *s/ Tiffany H. Eggers*
                                            TIFFANY H. EGGERS
                                            Assistant United States Attorney

---

[3] The government conferred with Mr. Oliphant on this matter, in light of the pending Motion for Substitution of Counsel and in anticipation that it would be granted once ruled upon by the Court. (Dkt. 23).